UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x
                                          :

IN RE RULE 45 SUBPOENA ISSUED TO       :
CABLEVISION SYSTEMS CORPORATION    :
REGARDING IP ADDRESS 69.120.35.31     :        Misc. 08-347
                                            :

-------------------------------------------------------------x

### SUPPLEMENTAL DECLARATION OF LACY H. KOONCE, III
### IN SUPPORT OF JOHN DOE'S RESPONSE TO THE OBJECTION
### OF PROSPECT CAPITAL CORPORATION TO MAGISTRATE'S REPORT AND
### RECOMMENDATION AND IN SUPPORT OF ATTORNEYS FEES APPLICATION

     **LACY H. KOONCE, III**, an attorney duly admitted to practice in the courts of New York and before this Court, hereby declares:

     1.     I am a member of the law firm of DAVIS WRIGHT TREMAINE LLP, counsel to non-party anonymous movant John Doe. I submit this supplemental Declaration in support of Doe's Response to the Objection of Prospect Capital Corporation to the Report and Recommendation of the Hon. Marilyn Dolan Go dated February 5, 2010 (the "Report") regarding Doe's consolidated (1) motion filed pursuant to Fed. R. Civ. P. 45(c)(3) to quash the subpoena issued on June 6, 2008, by Prospect Capital Corporation ("Prospect") to Cablevision Systems Corporation ("Cablevision") in connection with *In re ESA Environmental Specialists, Inc.*, a bankruptcy action (docket # 07-31532) pending in the United States District Court for the Western District of North Carolina; (2) motion for attorney's fees pursuant to Fed. R. Civ. P. 45(c)(1); and (3) motion to proceed anonymously as a John Doe. Additionally, as the Report recommends that Doe be permitted to submit additional documentation as to his attorneys fees, I submit this Declaration in support of Doe's fee application.

2.      Attached as Exhibit E to this declaration is a copy of a stipulation entered into by Prospect and the bankruptcy trustee in *In re: ESA Environmental Specialists, Inc.*. This litigation stipulation contains a section entitled "Prospect Release" in which the Trustee consents to waive its claims for lender liability within 90 days of disclosure by Prospect of ESA's books and records to the Trustee.

3.      Set forth below is the detail and support for the application for attorneys fees and costs made by John Doe.

4.      My firm, Davis Wright Tremaine LLP, represented John Doe on the motion to quash Prospect's subpoena. Davis Wright Tremaine is a full-service law firm with in excess of 500 attorneys and offices in six states, as well as in Shanghai, and it nationally known for its media and First Amendment practice. I worked on this matter with my then-associate Brigham Bowen, with very limited assistance from two other partners and another associate, and the support of paralegals. I asked Mr. Bowen to assist with the matter in light of his experience in similar matters, and because he was based in Washington, D.C. and his hourly rate was somewhat lower than associates of similar seniority in the New York office.

5.      Mr. Bowen and I are both litigators with substantive expertise in media, privacy, Internet, and First Amendment cases. In addition to having handled numerous matters involving high technology and online service providers and users, I currently co-author the chapter on Commercial Defamation in the <u>Commercial Litigation in New York State Courts</u> treatise published by the New York County Lawyers Association, and founded my firm's privacy and security law blog. Mr. Bowen, who left Davis Wright Tremaine in the fall of 2008 and is now a trial attorney for the United States Department of Justice, had previously litigated a number of defamation lawsuits, as well as cases involving the Child Online Protection Act and  information

DWT 14145066v1 0087268-000001

posted on social networking websites.  Biographical information on each of us is annexed hereto as Exhibit F, along with biographical information on the other attorneys who billed time on this matter.

**Initial Work on the Motion to Quash**

6.     Annexed to this declaration as Exhibit G are true and correct copies of the detailed invoices for work conducted by Davis Wright Tremaine on behalf of Doe from June 20, 2008, when work was begun addressing the Cablevision subpoena, until August 25, 2008, when it was concluded.  The invoices total $28,000 in fees and $2,556.69 in allowable costs, not counting time spent on this application for attorneys' fees (discussed below).  Doe's real name and address have been redacted wherever they appear in the invoices and time records.

7.     The work we performed in connection with this case was substantial.  Work on the motion to quash began on June 20, 2008; the motion was filed on July 1, 2008; and it was fully submitted ten days later.  Thus, the bulk of the work was completed in the space of approximately three weeks.  Given the urgency, the work was intensive.  Some of the primary aspects of the work included: discussions with Doe and others regarding the factual background of the matter and initial strategy in responding to the subpoena (approximately 8 hours); legal research in connection with the motion to quash (approximately 23 hours); analyzing Prospect's use of an email "virus" (approximately 3.5 hours); drafting a memorandum of law and declaration in support of the motion to quash (approximately 25 hours); and drafting the reply memorandum of law (approximately 24 hours).  While Prospect's factual basis for its subpoena was virtually nonexistent, the legal arguments it raised were complex and required careful attention, especially given the scarcity of case law in this Circuit regarding anonymous posting on the Internet.

8.     We consulted with my partner Randy Gainer, and expert on computer fraud and abuse issues, in connection with Prospect's use of malicious computer code hidden in an email to obtain Doe's IP address.  Mr. Gainer billed 3.40 hours for discussing and researching this issue. We consulted with my partner John Seiver, an expert in regulatory and litigation issues related to cable providers, in connection with Prospect's efforts to force Cablevision to disclose our client's identity by means of subpoena, and we also discussed with Mr. Seiver the potential application of the Cable Act.  Mr. Seiver billed 2.40 hours to this matter. Noelle Kvasnosky, an associate, assisted in finalizing the reply memorandum of law, and billed 4.30 hours.  One of our summer associates (billed at a lower rate than full-time associates) conducted research in connection with both memoranda (12.8 hours), and two paralegals, Leslie Majer and Marni Shapiro, assisted with various tasks, billing only  few hours each to this matter

9.     For the Court's convenience, below is a chart summarizing (1) the Davis Wright Tremaine time keepers who worked on the motion to quash in 2008; (2) their status (partner, associate, or staff); (3) their location; (4) their standard hourly rates; (5) their discounted hourly rates (*see infra* Paragraphs 11-12); (5) the number of hours worked; (6) and the applicable fees (calculated using the discounted hourly rates:

| Name | Status | Location | Standard Rate | Discounted Rate | Hours | Fees |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
| L. Koonce | Partner | NY | 440 | 338.10 | 34.00 | $11,496 |
| B. Bowen | Associate | DC | 300 | 230.53 | 46.50 | $10,720 |
| R. Gainer | Partner | Seattle | 465 | 357.31 | 3.40 | $ 1,215 |
| J. Seiver | Partner | DC | 500 | 384.20 | 2.40 | $   922 |
| N. Kvasnosky | Jr. Assoc. | DC | 240 | 184.42 | 4.30 | $   793 |
| A. Shoemaker | Summer Assoc. | DC | 200 | 153.68 | 12.80 | $ 1,967 |
| L. Majer | Paralegal | NY | 210 | 161.36 | 2.70 | $   436 |
| M. Shapiro | Paralegal | DC | 230 | 176.73 | 2.40 | $   424 |
| B. Masterson | Other | Seattle | 180 | 138.31 | .20 | $     28 |
|  |  |  |  |  |  |  |
| TOTAL |  |  |  |  | 108.70 | $28,000 |

**Work on the Instant Response**

10.     Although the work in February – March 2010 on the instant Response has not yet been invoiced to our client, attached as Exhibit H are reports showing the time entries for this work to date.   My current hourly rate is $460, and I have billed approximately 14 hours in connection with drafting this Response, which would normally result in fees to the client of $6440.   However, Doe and Davis Wright Tremaine have a flat fee billing arrangement for this Response capped at the amount of $4000.00.

**Davis Wright Tremaine's Billing Arrangements with Doe**

11.     Davis Wright Tremaine's billing arrangement with the client incorporated substantial discounts.   During June – August, 2008, the fees incurred by Davis Wright Tremaine at standard hourly rates would have totaled $36,438.00, but these fees were discounted by approximately 23.16%, or $8438, to $28,000.   This is shown on the August 31, 2008 invoice as a bulk "Courtesy Discount."   Thus, the effective discounted hourly rates for myself and Mr. Bowen were approximately $339 and $231, respectively (applying a 23.16% discount).[1]

12.     With respect to the instant Response to Prospect's Objection, I have performed all of the relevant work and I have expended 14 hours to date, and my current hourly rate is $460; however, as noted, this work was performed at a flat rate of $4000, and thus my effective discounted hourly rate was $286.   Doe seeks only the amount of his discounted fees ($4000) in this application.

13.     The total attorney fees and costs sought on this motion therefore total $34,556.69.

---

[1] Mr. Gainer's effective hourly rate would have been approximately $358; Mr. Seiver's $385; Ms. Kvasnosky's $185; Ms. Shoemaker's $155; Mr. Majer's $161; and Ms. Shapiro's $177.

DWT 14145066v1 0087268-000001

**Davis Wright Tremaine's Billing Practices**

14.     Each month prior to sending invoices to clients, the primary billing attorney at Davis Wright Tremaine – in this case me – reviews the time entries.  If it appears that Davis Wright Tremaine attorneys or staff took too long to accomplish tasks in this matter, such time documented by those persons and the resulting charges are not billed to the client.  Therefore, only time and costs for tasks necessary and reasonable to litigate this matter were billed to John Doe.

15.     Davis Wright Tremaine reviews the billing rates charged by both partners and associates on an annual basis.  The firm's Chief Financial Officer compares the fees charged in all offices of Davis Wright Tremaine with fees charged by other comparable firms in the city or region in which the office is located as those rates are compiled in the PriceWaterhouseCoopers Law Firm Billing Rates Survey.  Associate and non-attorney rates are set after comparing Davis Wright Tremaine's rates with other comparable firm rates.  The current rates for all associates and the rates of non-attorney staff who worked on this matter were set by Davis Wright Tremaine managers using this method.  Partners are encouraged to either raise, lower, or leave their rates the same based on whether or not the rates are competitive with those charged by attorneys with comparable experience in other comparable firms as shown in the PriceWaterhouseCoopers survey.  I set my hourly rate based on the rates charged by other firms as documented in the surveys, as the firm did for Mr. Bowen.

16.     For calendar year 2008, Davis Wright Tremaine billed my time at the standard hourly rate of $440, and Mr. Bowen's time at an hourly rate of $300. The other timekeeper's rates are set forth in the chart above.  Those standard hourly rates are significantly lower than those charged by attorneys with comparable experience in other comparable firms in this

6

geographical area, and in Washington, DC where some of the attorneys were based.   When the discounted rates are taken into account, the hourly rates of the timekeepers involved in this matter are <u>significantly</u> lower than other comparable firms in Manhattan and Washington, DC.

17.     Based on my experience and familiarity with the rates charged by other attorneys in New York City of similar experience and expertise, it is my opinion that the fees and costs incurred by defendants in this matter are reasonable and appropriate.   It is my understanding that this Court has found rates in the range of $200 to $400 for partners and $100 to $300 for associates to be reasonable in the Eastern District of New York.   *Olsen v. County of Nassau*, 2010 WL 376642, *2 (E.D.N.Y. Jan. 26, 2010).

18.     Davis Wright Tremaine bills legal research fees through to its clients at cost, and incurred approximately $1500.00 in electronic research costs in connection with this proceeding. It incurred approximately $167 in photocopying charges; $117 in filing fees; $599 in fees for process servers; and $84 in delivery fees, all of which were necessary and reasonable.

19.     For the reasons set forth in the accompanying memorandum of law, I respectfully request that this Court grant award attorney's fees in the amount of $34,556.69 and grant such further relief as this Court may deem appropriate.

I declare under penalty of perjury that the foregoing is true and correct.   Executed on March 3, 2010.

LACY H. KOONCE, III

DWT 14145066v1 0087268-000001