

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------- X
                                                               ::
IN RE RULE 45 SUBPOENA ISSUED TO                               :
CABLEVISION SYSTEMS CORPORATION                                :
REGARDING IP ADDRESS 69.120.35.31                              :
                                                               :
                                                               :
-------------------------------------------------------------- X

08-MC-347(ARR)(MDG)

<u>NOT FOR PRINT OR</u>
<u>ELECTRONIC</u>
<u>PUBLICATION</u>

<u>OPINION AND ORDER</u>

ROSS, United States District Judge:

This matter concerns a subpoena issued by Prospect Capital Corporation ("Prospect"), a creditor involved in a bankruptcy proceeding commenced by ESA Environmental Specialists, Inc. ("ESA"), in the Western District of North Carolina. On June 6, 2008, Prospect issued the subpoena to Cablevision Systems Corporation ("Cablevision"), an internet service provider, seeking "the name and address of the Optonline User for March 14, 2008 at 11:50 AM." The subpoena defined "Optonline User" as "any person . . . who . . . has the IP Address 69.120.35.31 and who used Optonline.net as an internet service provider." On July 1, 2008, the "Optonline User" whose personal information was the subject of the subpoena, proceeding anonymously as John Doe, filed three motions: (1) motion to quash the subpoena issued to Cablevision, (2) motion for attorneys' fees under Rule 45(c)(1) of the Federal Rules of Civil Procedure, and (3) motion for leave to proceed anonymously in this action. The court referred the motions to Magistrate Judge Marilyn D. Go for a report and recommendation. On the basis of detailed memoranda of law, affidavits, and exhibits from Prospect and Doe, Magistrate Judge Go issued a Report and Recommendation (the "Report") on February 5, 2010. The Report recommended that 1) Doe has standing to quash the subpoena issued to Cablevision; 2) "unusual circumstances"

and "good cause" warrant consideration of the motion to quash even though Doe did not object to the subpoena by June 13, 2008, the date on which Cablevision was directed by the subpoena to produce the requested information; 3) Doe's motion to quash the subpoena based on his First Amendment rights to anonymous speech be granted; 4) Doe be allowed to proceed under a pseudonym for the purpose of resolving the motions to quash and for sanctions; and 5) Doe be granted sanctions consisting of a minimum of $2,000 in fees and expenses for the work expended in this case and inviting Doe to "submit counsel's time records and other documentation and information concerning work performed and billing rates" if Doe seeks the award of additional sanctions.  Prospect filed timely objections to each finding and recommendation in the Report. In response, Doe filed a memorandum in opposition to Prospect's objections as well as a request for additional attorney's fees with supporting documentation.  Following a de novo review of the Report, this court adopts the Report's recommendations on both the motion to quash and the motion to proceed anonymously as the Decision and Order of this Court.  However, this court refers the motion for attorneys' fees under Rule 45(c)(1) back to Magistrate Judge Go for further proceedings.

## BACKGROUND

The court assumes familiarity with the facts included in the Magistrate's Report, see Report & Recommendation pp.1-9, and now only supplements the record with additional facts necessary for consideration of this decision.

Since the instant motion to quash was filed, a Stipulated Order between the Chapter 7 trustee and Prospect has been entered by the Bankruptcy Court but has not yet become effective. The Stipulated Order, entered on July 10, 2009, releases Prospect from lender liability claims,

2

unless the Chapter 7 trustee commences an adversary proceeding against Prospect within ninety days after Prospect provides the trustee with access to all of its books and records.[1] The Stipulated Order has not yet become effective because, by its terms, it orders the trustee to serve a copy of the order on all parties in interest, along with an opportunity to object and seek a hearing and "in the event that any party in interest files an objection or request for hearing within ten (10) days after the date of such notice, the Court will conduct a further hearing on these issues and may thereafter issue an order which modifies, amends, supplements or otherwise displaces this order." In re ESA Environmental Specialists, Inc., No. 07-31532 (W.D. N.C. July 10, 2009), Stipulation Between Chapter 7 Trustee and Prospect Capital Corporation and Order Approving Stipulation. Multiple parties objected to the Stipulated Order. The requested hearing has not yet taken place. Prospect has repeatedly adjourned the hearing in hopes that this matter involving the Cablevision subpoena will be resolved in its favor and it can attend the hearing

---

[1] Specifically, the "Release of Prospect" clause in the Stipulated Order provides:

Prospect shall immediately provide to the Trustee access to all of the Debtor's books and records under its control. Unless, within ninety days after Prospect provides access to all of the books and records of the Debtor under its control to the Trustee (the "Inspection Period"), the Trustee commences an adversary proceeding (or other appropriate proceeding) to contest the validity, priority, and/or enforceability of the security interest of Prospect, such security interest shall be deemed, for all purposes, to be valid, properly perfected, and unavoidable; and, unless, within the Inspection Period, the Trustee commences an adversary proceeding (or other appropriate proceeding) to assert any claims or causes of action which may be asserted by the Debtor's bankruptcy estate against Prospect, such claims and causes of action shall be fully and forever waived. Nothing contained in this paragraph shall be deemed or construed as Prospect's acquiescence in, or consent to, the Trustee initiating any action against Prospect which the Trustee may otherwise be barred from commencing; nor does Prospect waive any defenses it may have with respect to any action that the Trustee initiates pursuant to this paragraph.

In re ESA Environmental Specialists, Inc., No. 07-31532 (W.D. N.C. July 10, 2009), Stipulation Between Chapter 7 Trustee and Prospect Capital Corporation and Order Approving Stipulation, ¶ 10.

knowing the identity of John Doe. Prospect maintains that the identity of John Doe continues to be of vital importance to its litigation interests in the pending bankruptcy case.

In addition, in its submissions in opposition to the Report, Prospect clarified that it was not aware that John Doe in this proceeding was "free3warren" on the Yahoo! Message boards until Doe admitted this fact in his reply papers in this proceeding. (Schueller Reply Decl. ¶ 11.) Prospect states that when John Doe clicked on the link established by the "agent of Prospect," who used the alias "citykidd," the only information transmitted through that link was an internet protocol ("IP") address[2], unconnected to any user name. (Schueller Reply Decl. ¶ 10.) Prospect states that it "had no idea that the IP address [communicated to the agent of Prospect] was connected to free3warren or any other user name." (Schueller Reply Decl. ¶ 10.)[3]

## DISCUSSION

A.   Standard of Review

---

[2] An internet protocol address is a numerical identifier assigned to an internet subscriber by that subscriber's internet service provider. Pac. Bell Internet Servs. v. Recording Indus. Ass'n of Am., Inc., No. C03-3560 SI, 2003 WL 22862662, at *2 n.3 (N.D. Cal. Nov. 26, 2003).

[3] It is prudent for the court to note that if citykidd, the agent of Prospect, only e-mailed the user free3warren with the link relaying IP addresses, then Prospect would have known that the IP address conveyed to the agent when the link was clicked on belonged to free3warren. The record indicates that on March 13, 2008, citykidd posted a message on the Yahoo! Message Board for Prospect Capital Corporation, addressed to the attention of the users Seriousone, Wiseone, Ephfields, Retired, and Warren, detailing that he had information about Prospect and its lender Rabobank that he would e-mail to the "select group" instead of posting on the board. (Prospect Mem. Opp. Mot. Ex. T.) The following day, citykidd posted a message on the Yahoo! Message Board stating: "I have already e-mailed a few of you at your Yahoo e-mails and I trust you will find what I have sent to be far more valuable than a loan breakdown." (Id.) According to Prospect, three minutes after citykidd posted this message, "someone from IP address 69.120.35.31 clicked on citykidd's Yahoo e-mail address to view the e-mail and attachment from citykidd. This click relayed the IP address to Prospect's agent." (Becker Aff. ¶ 4.) Prospect has not clarified whether its agent sent the e-mail to several of the message board posters or only to free3warren.

Under 28 U.S.C. § 636(b)(1), if any party serves and files written objections to a magistrate judge's recommendations within ten days of being served with a copy thereof, a district court must "make a de novo determination of those portions of the report or . . . recommendations to which objection is made." Id. Upon de novo review, the district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id. In accordance with the dictates of 28 U.S.C. § 636(b)(1), this court has conducted a de novo review of the Report in its entirety, considering each of Prospect's objections.

B.     Prospect Capital Corporation's Objections

  1.     Motion to Quash the Subpoena

Prospect argues that Magistrate Judge Go erred with respect to her findings that Doe has standing to quash the subpoena, that "unusual circumstances" and "good cause" warranted consideration of the motion, and that the motion should be granted to protect Doe's First Amendment rights to anonymous speech. The court has thoroughly reviewed Magistrate Judge Go's Report as well as Prospect's objections and finds no legal or factual error in these sections of the Report.

In particular, I emphasize that for the reasons described in the Report, the speech at issue was not commercial speech, but rather purely expressive speech entitled to heightened First Amendment protection. See Report & Recommendation pp. 19-21; see also Best Western Int'l v. Doe, No. CV-06-1537-PHX-DGC, 2006 WL 2091695, *4 (D. Ariz. July 25, 2006); Doe v. 2TheMart.com, Inc., 140 F. Supp. 2d 1088, 1093-95 (W.D. Wash. 2001). Prospect includes in its objection the argument that "John Doe's act of clicking on a link to obtain insider and

proprietary information receives no protection under the First Amendment.  An attempt to traffic in insider information is not protected speech."  Prospect Mem. Opp. R&R at 25.  Although the subpoena at issue seeks the personal information corresponding to an IP address that was identified when Doe merely clicked on a link in the e-mail sent to Doe by the agent of Prospect, the court finds that the speech at issue in this case is Doe's anonymous postings on the Yahoo! Message Board.  Seeking the identity of anonymous posters on a message board devoted to discussions about Prospect, Prospect's agent targeted specific posters by sending them an e-mail with an internet link which, when clicked on, would relay the IP address of the computer that had accessed it.  Prospect's ultimate goal, therefore, was to learn the identities of the anonymous message board posters who were speaking anonymously on the Internet.  "The free exchange of ideas on the Internet is driven in large part by the ability of Internet users to communicate anonymously.  If Internet users could be stripped of that anonymity by a civil subpoena enforced under the liberal rules of civil discovery, this would have a significant chilling effect on Internet communications and thus on basic First Amendment rights."  Doe v. 2themart.com, Inc., 140 F. Supp. 2d 1088, 1093 (W.D. Wash. 2001).  The effect of the subpoena in the instant case would be to chill Internet communications, rather than to chill the clicking of hyperlinks in e-mails.

Accordingly, Prospect's objections are denied and the court will adopt the Report and Recommendation on the motion to quash as the opinion of the court.

2.      Motion to Proceed Anonymously

Prospect objects to Magistrate Judge Go's recommendation that Doe be allowed to proceed anonymously in this action.  The court has thoroughly reviewed the Report as well as Prospect's objections on this motion and finds no legal or factual error in this section of the

6

Report.  Accordingly, Prospect's objection is denied and the court adopts the Report and

Recommendation on the motion to proceed anonymously.

    3.    <u>Motion for Sanctions</u>

Prospect also objects to Magistrate Judge Go's recommendation to sanction Prospect and

grant Doe a minimum of $2,000 in fees and expenses for the work expended in this case as well

as additional costs warranted following a subsequent application to the court.  Implicit in the

Report's finding that Prospect failed to take reasonable steps to avoid imposing undue burden or

expense on Doe is Magistrate Judge Go's understanding that Prospect knew that Doe was the

person who had posted as free3warren, and who had previously challenged the subpoena to

Yahoo! in the Northern District of California.  <u>See</u> Report & Recommendation p. 26.  Prospect's

submissions in objection to the Report included a declaration of Prospect's attorney stating that

Prospect "had no idea that the IP address [that is the subject of this subpoena] was connected to

free3warren or any other user name." (Schueller Reply Decl. ¶ 10.)  Prospect should have

submitted this declaration to the court with its previous submissions.  In light of this new

submission, and Doe's application for additional attorney's fees, the motion for sanctions is

referred back to Magistrate Judge Go for further proceedings.

## CONCLUSION

For the reasons set forth above, John Doe's motion to quash the subpoena issued to

Cablevision is granted, as is John Doe's motion to remain anonymous for purposes of this action.

John Doe's motion for sanctions is referred back to Judge Go.

    SO ORDERED.

s/ ARR

_____
Allyne R. Ross
United States District Judge

Dated: April 23, 2010
       Brooklyn, New York

SERVICE LIST:

<u>Attorney for John Doe</u>
Lacy H. Koonce, Esq.
Davis, Wright & Tremaine
1633 Broadway
New York, NY  10019

<u>Attorney for Prospect Capital Corporation</u>
Christopher P. Schueller, Esq.
Buchanan Ingersoll & Rooney PC
301 Grant Street
Pittsburgh, PA  15219

cc:          Magistrate Judge Marilyn D. Go

9